UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In the Matter of the Application of

LILLIAN ROBERTS, as Executive Director
of District Council 37, American
Federation of State, County and
Municipal Employees, AFL-CIO,

               Petitioner,

For an Order and Judgment Pursuant to
Article 75 of the Civil Practice Law
and Rules

        -against-

MARVIN WILLIAMS, Individually and as
President of Local 1665, District
Council 37, American Federation of
State, County and Municipal Employees,
AFL-CIO; THE NEW YORK HALL OF SCIENCE;
and THE AMERICAN ARBITRATION
ASSOCIATION,

               Respondents.
----------------------------------------X

07 Civ. 4834 (DAB)
MEMORANDUM & ORDER

DEBORAH A. BATTS, United States District Judge.

     This suit involves a Collective Bargaining Agreement ("CBA")

between Respondent New York Hall of Science ("Hall of Science")

and Local 1665, District Council 37, American Federation of

State, County and Municipal Employees, AFL-CIO ("Local 1665").

(See CBA, at Verified Petition, Roberts v. Williams, Index No.

107904/07 (N.Y. Sup. Ct. 2007) (hereinafter cited as "Verified

Petition" or "Verified Pet."), Ex. F.)  Respondent Marvin

Williams ("Williams"), who is employed by the Hall of Science as

a Senior Museum Attendant-Guard (Verified Pet. ¶ 5) and the

President of Local 1665, has alleged that the Hall of Science

violated the CBA by not giving him merit pay increases.  (Roberts

Aff., Roberts v. Williams, Index No. 107904/07 (N.Y. Sup. Ct.

2007) (hereinafter cited as "Roberts Aff.") ¶ 4.)  On January 3,

2007, Williams filed a demand to arbitrate his merit pay claim.

(Williams Aff. ¶ 6.)  The arbitration is scheduled to take place

on July 23-24, 2007.  (Verified Pet. ¶ 35.)

On May 31, 2007 - less than two months before the scheduled

arbitration - Petitioner Lillian Roberts, who is Executive

Director of District Council 37, filed this suit in New York

Supreme Court.  Roberts is seeking an Order pursuant to Article

75 of the New York Civil Practice Law and Rules, N.Y.C.P.L.R. §

7503, which would require Williams to withdraw his demand for

arbitration.  (Verified Pet. at 7-8.)  Roberts argues that,

according to the CBA, "only parties to the Agreement may file a

Demand for Arbitration with AAA".  (Roberts Aff. ¶ 8.)

On June 6, 2007, Respondent Williams filed a Notice of

Removal of Petitioner's New York suit to this Court.  (See Notice

of Removal.)  Williams argues therein that this Court has federal

question jurisdiction over this case pursuant to 28 U.S.C. § 1331

and 29 U.S.C. § 185.  (Notice of Removal ¶¶ 3-4.)  The Notice of

Removal does not indicate whether Williams' Co-Respondents consent to the removal.

Now before this Court is Respondent Hall of Science's Proposed Order which would require Williams to show cause why, inter alia, this suit should not be remanded to New York Supreme Court.  According to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Removal requires unanimous consent by all defendants or respondents.  See Allstate Ins. Co. V. Zhugin, 2004 WL 187147, *2 (S.D.N.Y. Jan. 30, 2004) ("A removing defendant must present unambiguous written proof that all of the other defendants who had been served in the action consent to removal within the thirty day time period for removal.").  See also Bradford v. Harding, 284 F.2d 307, 309 (2d Cir. 1960); Berrios v. Our Lady of Mercy Medical Ctr., 1999 WL 92269, *2 (S.D.N.Y., Feb. 19, 1999) (citing Bradford); Schepis v. Local Union No. 17, 989 F. Supp. 511, 513 n.1 (S.D.N.Y. 1998).

There is no unanimous consent by Respondents to the removal of this action.  On the contrary, Hall of Science has expressly

3

objected to the removal by filing its proposed Order to Show

Cause.   Accordingly, Respondent Williams' Notice of Removal

cannot satisfy the requirements of the "Rule of Unanimity".

Nor has Williams satisfied 28 U.S.C. § 1446(a), which states

that a removal notice must include "a copy of all process,

pleadings, and orders served upon such defendant or defendants in

such action".   28 U.S.C. § 1446(a).   This requirement is not a

mere formality; rather, it allows federal courts to examine the

underlying allegations so that it may determine, among other

things, whether the removal is appropriate.   Because Williams has

not filed copies of any of these documents with the Court, his

Notice of Removal is not proper.

4

For these reasons, this suit is hereby REMANDED to the

Supreme Court for the State of New York, County of New York.[1]


SO ORDERED.

Dated:    New York, New York

July 11, 2007

Deborah A. Batts
United States District Judge

---

[1] The state court properly may adjudicate over Petitioner's
claim.    State courts have concurrent jurisdiction over suits
which require interpreting collective bargaining agreements.    See
United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362,
368 (1990).

5