UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

LILLIAN ROBERTS, etc.,                                07 Civ. 4834 (DAB)

                              Plaintiff,              DECLARATION OF
                                                      ARTHUR Z. SCHWARTZ
            - against -                               IN SUPPORT OF MOTION
                                                      TO RECONSIDER ORDER
MARVIN WILLIAMS, etc., *et al.*,                      REMANDING ACTION

                              Defendants.

------------------------------------------------------------------ X

        Arthur Z. Schwartz declares, under penalty of perjury, as follows:

        1.      I am counsel to defendant Marvin Williams, individually and as President of

Local 1665 of District Council 37, American Federation of State, County and Municipal

Employees, AFL-CIO ("Local 1665").

        2.      This Court issued an order remanding this matter to state court (Exhibit A) after

receipt of an *ex parte* application to do so.  The application was not filed via ECF or mailed or

faxed to counsel for defendant Williams, even though defendant Williams was the party who

removed this action to federal court.  We knew nothing of it until we got ECF notice of your

decision.

        3.      The underlying petition, filed by District Council 37, the regional union with

which Local 1665 is affiliated, reflects only a dispute between DC 37 and Local 1665.  It asserts,

put simply, that under the DC 37 Constitution Local 1665 did not have authority to invoke the

contractual arbitration clause in its contract with the New York Hall of Science.  The pleading

asserts no dispute with defendant Hall of Science, the employer with which Local 1665 has a

dispute, or with defendant American Arbitration Association ("AAA"), which simply

administers the arbitration process.  It is clear that the Hall of Science and the AAA are in this

case so that any injunction entered extends to them as well, since they have a place in the

arbitration process.  In other words, they are nominal parties.

4.      If anything, the Hall of Science is really a plaintiff.  It supports DC 37's

application and made the same motion for the same relief to the arbitrator at around the same

time the petition was filed.  They are wholly allied with DC 37 in this dispute.  In fact, as soon as

this Court remanded the matter to state court, the Hall of Science, and not DC 37, alerted the

Supreme Court judge assigned ot the case *and asked that the Court issue the TRO*.  In fact,

counsel to the Hall of Science went to Supreme Court, and did not even wait for DC 37 in its

effort to get the relief which DC 37 asked for in the petition (see letter annexed as Exhibit B).

5.      The "Rule of Unanimity" under 28 U.S.C. § 1447 has exceptions.  One is that the

non-joining defendant is merely "nominal or formal." Snakepit Automotive, Inc. v.

Superperformance Intern., _____ F.Supp.2d _____, 2007 WL 1548978 *7 (EDNY 2007).  A

second is where the removed claim is a "separate and independent claim," Id.  The third is if a

defendant is "fraudulently joined." United Computer Sys. Inc. v. AT&T Corp., 298 F.3d 756,

762 (9th Cir. 2002).

6.      As we stated above, the complaint/petition states no claim against the Hall of

Science or the AAA.  If anything, it should be properly aligned as a plaintiff.  If there is a claim

against the Hall of Science, it is certainly independent of the "breach of the union constitution"

claim by the parent union against its local which served as the basis for removal under

29 U.S.C. § 185.

2

7.     It is unfortunate that the Court, prior to granting this motion, did not allow the parties to litigate it.  However, with this brief description of the facts and the discussion of why consent of the remaining defendants should not be required, we believe that it would be appropriate for the Court to revoke its order and maintain its jurisdiction.

8.     For the record, we did not file anything but the petition with the Notice of Removal because, in fact, no other documents had been served.  A proposed Order to Show Cause had been faxed to our office, but the Supreme Court Judge, Emily Goodman, had not signed it.

9.     We request that the Court allow defendant to proceed with this motion without a formal Memorandum of Law.


Dated: New York, New York
       July 13, 2007


                                        _____
                                        Arthur Z. Schwartz

3

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In the Matter of the Application of

LILLIAN ROBERTS, as Executive Director
of District Council 37, American
Federation of State, County and
Municipal Employees, AFL-CIO,

                    Petitioner,

For an Order and Judgment Pursuant to
Article 75 of the Civil Practice Law
and Rules
                                           07 Civ. 4834 (DAB)
          -against-                        MEMORANDUM & ORDER

MARVIN WILLIAMS, Individually and as
President of Local 1665, District
Council 37, American Federation of
State, County and Municipal Employees,
AFL-CIO; THE NEW YORK HALL OF SCIENCE;
and THE AMERICAN ARBITRATION
ASSOCIATION,

                    Respondents.
----------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    This suit involves a Collective Bargaining Agreement ("CBA")

between Respondent New York Hall of Science ("Hall of Science")

and Local 1665, District Council 37, American Federation of

State, County and Municipal Employees, AFL-CIO ("Local 1665").

(See CBA, at Verified Petition, Roberts v. Williams, Index No.

107904/07 (N.Y. Sup. Ct. 2007) (hereinafter cited as "Verified

Petition" or "Verified Pet."), Ex. F.)  Respondent Marvin

Williams ("Williams"), who is employed by the Hall of Science as

1

EXHIBIT A

a Senior Museum Attendant-Guard (Verified Pet. ¶ 5) and the President of Local 1665, has alleged that the Hall of Science violated the CBA by not giving him merit pay increases. (Roberts Aff., Roberts v. Williams, Index No. 107904/07 (N.Y. Sup. Ct. 2007) (hereinafter cited as "Roberts Aff.") ¶ 4.) On January 3, 2007, Williams filed a demand to arbitrate his merit pay claim. (Williams Aff. ¶ 6.) The arbitration is scheduled to take place on July 23-24, 2007. (Verified Pet. ¶ 35.)

On May 31, 2007 – less than two months before the scheduled arbitration – Petitioner Lillian Roberts, who is Executive Director of District Council 37, filed this suit in New York Supreme Court. Roberts is seeking an Order pursuant to Article 75 of the New York Civil Practice Law and Rules, N.Y.C.P.L.R. § 7503, which would require Williams to withdraw his demand for arbitration. (Verified Pet. at 7-8.) Roberts argues that, according to the CBA, "only parties to the Agreement may file a Demand for Arbitration with AAA". (Roberts Aff. ¶ 8.)

On June 6, 2007, Respondent Williams filed a Notice of Removal of Petitioner's New York suit to this Court. (See Notice of Removal.) Williams argues therein that this Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 185. (Notice of Removal ¶¶ 3-4.) The Notice of

2

Removal does not indicate whether Williams' Co-Respondents consent to the removal.

Now before this Court is Respondent Hall of Science's Proposed Order which would require Williams to show cause why, _inter alia_, this suit should not be remanded to New York Supreme Court.  According to 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  Removal requires unanimous consent by all defendants or respondents.  See Allstate Ins. Co. V. Zhugin, 2004 WL 187147, *2 (S.D.N.Y. Jan. 30, 2004) ("A removing defendant must present unambiguous written proof that all of the other defendants who had been served in the action consent to removal within the thirty day time period for removal.").  See also Bradford v. Harding, 284 F.2d 307, 309 (2d Cir. 1960); Berrios v. Our Lady of Mercy Medical Ctr., 1999 WL 92269, *2 (S.D.N.Y., Feb. 19, 1999) (citing Bradford); Schepis v. Local Union No. 17, 989 F. Supp. 511, 513 n.1 (S.D.N.Y. 1998).

There is no unanimous consent by Respondents to the removal of this action.  On the contrary, Hall of Science has expressly

3

objected to the removal by filing its proposed Order to Show Cause.  Accordingly, Respondent Williams' Notice of Removal cannot satisfy the requirements of the "Rule of Unanimity".

Nor has Williams satisfied 28 U.S.C. § 1446(a), which states that a removal notice must include "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action".  28 U.S.C. § 1446(a).  This requirement is not a mere formality; rather, it allows federal courts to examine the underlying allegations so that it may determine, among other things, whether the removal is appropriate.  Because Williams has not filed copies of any of these documents with the Court, his Notice of Removal is not proper.

For these reasons, this suit is hereby REMANDED to the
Supreme Court for the State of New York, County of New York.[1]


        SO ORDERED.

Dated:    New York, New York

        *July 11, 2007*                    *Deborah A. Batts*
                                      Deborah A. Batts
                                  United States District Judge

---

        [1] The state court properly may adjudicate over Petitioner's
claim.  State courts have concurrent jurisdiction over suits
which require interpreting collective bargaining agreements.  See
United Steelworkers of Am., AFL-CIO-CLC v. Rawson, 495 U.S. 362,
368 (1990).

**Exhibit B**

# SATTERLEE STEPHENS BURKE & BURKE LLP

## 230 PARK AVENUE
## NEW YORK, NY 10169-0079
## (212) 818-9200

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

E-Mail: zjasper@ssbb.com

July 13, 2007

*Via Facsimile*

Idina Gorman, Esq.
Eddie Demmings, Esq.
Office of the General Counsel
District Council 37
125 Barclay St.
New York, NY 10007-2233

Arthur Z. Schwartz, Esq
Schwartz, Lichten & Bright
275 Seventh Avenue, 17th Floor
New York, NY& 10001

Sasha A. Carbono, Esq.
American Arbitration Association
Office of the General Counsel
1633 Broadway
10th Floor
New York, NY 10019

<div style="margin-left:2em">

Re:  *Roberts v. Williams, et al.* Dkt. No. 107904/2007 –
<u>Notice of Hearing on Order to Show Cause</u>

</div>

Counselors:

This office represents respondent New York Hall of Science in the above-referenced matter.

We write to advise you that today the Hall of Science resubmitted the order to show cause and petition, originally presented by petitioner on June 6, 2007. For your information, the papers submitted were identical in all respects, to the June 6th papers that were previously provided to all parties. (A copy of the proposed order to show cause, without the petition or exhibits, is attached for your reference.)

Please be advised that the Court has scheduled a hearing on the interim relief sought by the above-referenced application, on July 17, 2007 at 10:00 a.m.

Very truly yours,

Zoë E. Jasper

*EXHIBIT B*

At I.A.S. Part ___17___ of the Supreme Court
of the State of New York, held in and for the
County of New York at the Courthouse
therefore, 60 Centre Street, New York, New
York, on the ___6___ day of JuNe 2007

**EMILY JANE GOODMAN**

Present: Hon. _____

Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

In the Matter of the Application of

LILLIAN ROBERTS, as Executive Director of District
Council 37, American Federation of State, County and
Municipal Employees, AFL-CIO,                                        **ORDER TO SHOW CAUSE**

                   Petitioner,                                  **Index No. 107904/07**

For an Order and Judgment Pursuant to Article 75
of the Civil Practice Law and Rules,

                  -against-

MARVIN WILLIAMS, individually and as President of
Local 1665, District Council 37, American Federation of
State, County and Municipal Employees, AFL-CIO;
THE NEW YORK HALL OF SCIENCE; and THE
AMERICAN ARBITRATION ASSOCIATION,

                 Respondents.
------------------------------------------------------------X

     **ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

     Upon the annexed Petition, verified May 31, 2007, and the exhibits annexed thereto, the

Memorandum of Law dated May 30, 2007, the Affidavit of Lillian Roberts, sworn to May 31, 2007,

and upon all pleadings and proceedings in this proceeding, Respondents, and all other persons

known or unknown, acting in their behalf or in concert with them in any manner or in any means,

shall show cause before this Court at the Ex Parte Motion Term, for further reassignments to a I.A.S. Part thereof, to be held in and for the County of New York, at the County Courthouse, 60 Centre Street, in the Borough of Manhattan, City of New York, on the _____ day of _____ 2007, at_____ o'clock in the fore/afternoon of that day, or as soon thereafter as counsel may be heard, why an order should not be made and entered herein pursuant to CPLR § 7503:

1) declaring improper Respondent Marvin Williams' action in unilaterally filing the Demand for Arbitration with the American Arbitration Association, docketed as Case No.: 13 300 00046 07;

2) declaring improper Respondent American Arbitration Association processing and docketing of Case No.: 13 300 00046 07;

3) directing Respondent American Arbitration Association from processing the arbitration of Case No.: 13 300 00046 07;

4) directing Respondent Hall of Science to refrain from any further participation in Case No.: 13 300 00046 07;

5) directing Respondent Marvin Williams to withdraw Case No.: 13 300 00046 07, from the American Arbitration Association, within thirty (30) days from the date an order is entered herein;

6) in the alternative, granting Petitioner the right to intervene in the pending arbitration with counsel of its choice;

7) granting such other and further relief which this court deems just and proper, together with the costs and disbursements of this proceeding.

**ORDERED** that pending the hearing of this motion, Respondents, and all other persons known or unknown, acting in their behalf or in concert with them in any manner or in any means, are hereby enjoined and retrained as follows:

2

1.    Respondents are directed to stay the arbitration proceeding, Case Number 13 300
00046 07, at the American Arbitration Association, pending the hearing and determination of this
motion.

**ORDERED** that personal service of a copy of this Order to Show Cause, together with all
the papers upon which this Order is based, upon the Respondents, on or before the _13_ day of
_June_ 2007, shall be good and sufficient service.

Oral Argument
directed:                          ENTERED

_____
J.S.C.

_____
J.S.C.

                                   **EMILY JANE GOODMAN**

Opposition papers must be
delivered to Chambers two business
days before return date. Reply
papers are due the next day.

3

## SATTERLEE STEPHENS BURKE & BURKE LLP
### 230 PARK AVENUE
### NEW YORK, NY 10169-0079
### (212) 818-9200

33 WOOD AVENUE S
ISELIN, NJ 08830-2735
(732) 603-4966
FAX (732) 603-4977

FAX (212) 818-9606/7
www.ssbb.com

**DATE:** July 13, 2007

| TO: | COMPANY: | FAX #: | PHONE: |
|---|---|---|---|
| Idina Gorman, Esq.<br>Eddie Demmings, Esq. | District Council 37, General Counsel's Office | 212-815-1440 | |
| Arthur Z. Schwartz, Esq. | Schwartz, Lichten & Bright PC | 212-358-1353 | |
| Sasha A. Carbone, Esq. | American Arbitration Association, Office of the General Counsel | 212-716-5905 | |

**FROM:**      Zoë E. Jasper
**DIRECT DIAL:**   (212) 404-8752

Re: *Lillian Roberts v. Williams, et al.*, 107904/2007

Please see attached.

If you do not receive 5 pages, including this cover letter, please call Florence at (212) 818-9200 Extension 8807.

**Client Name:**                    **Client Number:**   029795

**Matter Name:**                    **Matter Number:**   00122

The information contained in this communication is intended to be confidential and for the use of only the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

686634_1