```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUGUST 2, 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
In the Matter of the Application of

LILLIAN ROBERTS, as Executive Director
of District Council 37, American
Federation of State, County and
Municipal Employees, AFL-CIO,

     Petitioner,

For an Order and Judgment Pursuant to
Article 75 of the Civil Practice Law
and Rules

                 07 Civ. 4834 (DAB)
  -against-           MEMORANDUM & ORDER

MARVIN WILLIAMS, Individually and as
President of Local 1665, District
Council 37, American Federation of
State, County and Municipal Employees,
AFL-CIO; THE NEW YORK HALL OF SCIENCE;
and THE AMERICAN ARBITRATION
ASSOCIATION,

     Respondents.
----------------------------------------x
DEBORAH A. BATTS, United States District Judge.

  By Order of this Court, the above-caption action was remanded to New York State court on July 11, 2007. As set forth in the remand Order, the Court found removal of the action improper because Respondent Williams lacked unanimous consent to removal, as required by the Rule of Unanimity, and because Respondent Williams failed to comply with 28 U.S.C. § 1446(a).

  Now before the Court is Respondent Williams' "Motion to Reconsider Order Remanding Action," filed July 16, 2007.

1

The District Court lacks jurisdiction to reconsider a remand order. As provided by 28 U.S.C. § 1447(d), with an exception irrelevant here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...." The Second Circuit has clarified that 28 U.S.C. § 1447(d) acts specifically as a bar on review of remand orders authorized by 28 U.S.C. § 1447(c); namely, those based on a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction. See Mitskovski v. Buffalo and Fort Eerie Public Bridge Authority, 435 F.3d 127, 131 (2006). These precise circumstances are applicable here, where the Court's remand Order was based upon a procedural defect asserted within 30 days of the filing of notice of removal. By its Order to Show Cause of July 6, 2007, Respondent National Hall of Science asserted the procedural defects of lack of unanimity and failure to comply with proper removal requirements on the 30th day of the filing of notice of removal. Thus, this Court's remand Order falls under the review bar of 28 U.S.C. § 1447(d). Accordingly, the Court hereby DENIES Respondent Williams' "Motion to Reconsider Order Remanding Action."

The Court does not weigh the merits of Respondent Williams' argument in support of his Motion for Reconsideration that, as a

2

"nominal or formal" defendant, Respondent National Hall of Science's objection to removal is subject to an exception from the Rule of Unanimity. However, the Court notes that Respondent Williams does not contest that he failed to comply with 28 U.S.C. § 1446(a), which was the second basis for the Court's July 11, 2007 Order.

    The Clerk of Court is hereby directed to CLOSE this matter.

    SO ORDERED.

Dated:    New York, New York
           August 1, 2007

                              Deborah A. Batts
                          United States District Judge